IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES *ex rel* | ) | |
| BENJAMIN CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:08cv1162 (JCC/JFA) |
| HALLIBURTON *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This case is before the Court on Relator, Benjamin Carter's, Motion to Reconsider the February 5, 2010 Order compelling production of Relator's confidential disclosure statement filed with the government in accordance with 31 U.S.C. § 3730(b)(2). (Dkt. 224.) When issuing the Order, the Magistrate Judge did not have the opportunity to review the transcript of Relator's deposition as the deposition was not taken until February 17, 2010. The Magistrate Judge found that "the disclosure statement is at least ordinary work product" and thus would usually be protected from discovery. Without the information contained in Relator's deposition, the Magistrate Judge also found, however, that the "defendants have satisfied their burden of demonstrating that they have a substantial need for the factual information contained within disclosure

1

statement" and that, at the time the motion was made, Defendants "could not obtain the information within the disclosure statement by any other means," thus overcoming the work product protection.  (Feb. 5, 2010 Order at 3, Dkt. 214.)  Relator contends that this decision was clearly erroneous and contrary to law and should thus be reversed.  This Court finds that, in light of the Relator's testimony during his February 17, 2010 Deposition, Defendants cannot demonstrate both (1) a "substantial need" for the factual work-product in the disclosure statement, and (2) an "inability to secure substantially equivalent" information elsewhere.  Without such a showing Defendants cannot meet their burden to overcome the work product doctrine, thus the February 5, 2010 Order as it relates to the disclosure statement is now clearly erroneous and the Relator's Motion is granted.

## I. Background

Relator Benjamin Carter ("Relator" or "Carter") filed his first Amended Complaint in this Federal Claims Act case in February 2006. (Dkt. 5)  A trial date has been set for April 20, 2010.  (Dkt. 202.)  After several years of motion practice Relator's existing claims allege that Defendants, in violation of the Federal Claims Act (FCA), used falsified time sheets to submit false claims to the government for water purification

services at two army bases in Iraq: services which were allegedly not performed. (See 2d Am. Compl., Dkt. 96.)

On January 29, 2010, prior to taking the Relator's deposition, Defendants moved to compel production of Relator's Disclosure Statement ("Statement") submitted to the government in accordance with 31 U.S.C. § 3730(b)(2). On February 5, 2010, the Magistrate Judge granted the Motion to Compel (Dkt. 214) and held his ruling in abeyance to allow this Court to hear Relator's Motion to Reconsider filed on February 12, 2010 (Dkt. 224). Defendants Opposed that Motion on February 17, 2010. Defendants also deposed Relator on February 17, 2010. The Motion to Reconsider is now before the Court.[1]

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(a), a District Court will only overturn a Magistrate Judge's Order on a non-dispositive matter if the Order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Discovery motions do not dispose of the case before the court and are thus non-dispositive within the meaning of Rule 72(a). *Federal Election Comm'n v. Christian Coal,* 178 F.R.D. 456, 459 (E.D.Va. 1998).

---

[1] The Court notes that it received a Praecipe, along with a number of letters containing substantive legal argument. The Praecipe requests that the Court "afford no weight to Mr. Orr's declaration" in consideration of this Motion. This Court has not considered Mr. Orr's Declaration for the truth of the matters asserted therein but makes no determination as to the legitimacy, admissibility, or veracity of Mr. Orr's Declaration.

3

## III. Analysis

Defendants sought to compel production of Carter's disclosure statement filed pursuant to 31 U.S.C. § 3730(b)(2). Carter refused production on a number of grounds, including by asserting the "work product protection." Under the work product rule, codified in Fed. R. Civ. P. 26(b)(3), "an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999)(citing *In re Doe,* 662 F.2d 1073, 1077 (4th Cir. 1981), *cert. denied,* 455 U.S. 1000 (1982)). Fact work product is discoverable only "upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *Chadhry*, 174 F.3d at 403 (citing *In re Grand Jury Proceedings,* 33 F.3d 342 at 348 (4th Cir. 1994).

Recognizing the disagreement of various jurisdictions on the appropriate classification of disclosure statement, the Magistrate Judge found that the disclosure Statement is "at least ordinary work product and may contain some attorney opinion work product." (Order at 3.) The Magistrate Judge ordered the production of the "ordinary work product" contained in the disclosure statement finding that the Defendants had

4

established a substantial need for the material and that, at the time the motion was made, they had an inability to procure equivalent material without undue hardship. (Order at 3; February 5, 2010 Hr.'g Tr. at 20-21.) It is this decision that is challenged by Relator.

The Defendants made two arguments in support of their "substantial need" claim which, taken together, the Magistrate Judge found persuasive. First, they argued that they had a "substantial need" for the Statement in order to impeach the Relator regarding the origins of the "falsified time-sheet" claims. Second, Defendants argue that they "may have remedies available to them, including dismissal, if it turns out [the Statement does] not disclose any timesheet fraud evidence to the Government or [that Carter is] not an original source of those allegations." (Mem. in Supp. of Mot. to Compel at 7.) In reaching his determination, the Magistrate Judge found that by compounding these "needs" Defendants had sufficiently demonstrated a "substantial need" for the ordinary work product contained in the Disclosure Statement and that, at the time the Motion was heard, the Defendants had an "inability to secure the substantial equivalent of the materials." (See Order at 3.)

Defendants first argued that they had a "substantial need" for the Statement to impeach Relator and that they could not obtain "substantial[ly] equivalent" information elsewhere.

In this District, "the mere surmise that production might reveal impeaching matter [is] not sufficient to justify production" and the seeking "party must present more than speculative or conclusory statements." *Duck*, 160 F.R.D. at 82(citations omitted). Defendants seek to impeach the Relator based upon the theory that the allegations of timesheet fraud contained in the Second Amended Complaint arose after this Court dismissed his other claims, rather at the time the alleged events occurred. (Opp. at 7.) In support of this need Defendants point to the initial appearance of "time sheet allegations" in the Second Amended Complaint, three years after the Complaint was first brought; the alleged failure of Relator to produce evidence of "time sheet" allegations save for the October 2005 email attached to his Motion for Reconsideration; and public statements made by Relator after he filed suit that fail to mention any allegation of timekeeping fraud. Relator disputes Defendants arguments and contends that the specifics of the false timesheets sheets were "simply add[ing] the degree of detail that the Court had called for in its July 23, 2009 Memorandum Opinion [on Motion to Dismiss.]" (Mem in Supp. at 18.)

Even without the opportunity to review Relator's deposition testimony, the Magistrate Judge found that "mere credibility or impeachment" was insufficient to pierce the

factual work product privilege. (Hr.'g Tr. February 5, 2010 at 21.) Since that time Defendants have had the opportunity to elicited over three hundred and sixty-eight pages of Relator's deposition testimony. During that testimony, the Court notes, Relator refused to answer questions regarding what was contained in the Statement or what he told to his own or government attorneys in preparing the Statement (see Feb. 17, 2010, Hr.'g Tr. at 268-277.) This means only that Defendants have not obtained what information Relator and his counsel chose to include in confidential disclosure statement, not that they have not obtained "substantially equivalent" information. Defendants had ample opportunity to examine the Relator regarding the origins of his "time sheet" allegations, his knowledge regarding the alleged falsification of time sheets, to whom he reported those allegations prior to filing the original Complaint, elicited the names of additional individuals who might have knowledge of any potential fabrication on the part of Relator, and asked a number of other questions in an effort to impeach his credibility. For example, Relator testified that prior to filing his Complaint he spoke with Senate employee named Neil Higgins (Tr. 198:8) as well as Dina Rasor and Bob Bauman (Tr. 215:5-217:12). These individuals could be deposed regarding the origins of Relator's claims. In light of this, Defendants have not demonstrated both a "substantial need" for the Statement or

an inability to obtain "substantially equivalent" information contained therein for purposes of impeachment. The ordinary work-product protection thus bars discovery of the Statement unless Defendants other arguments prevail.

Defendants also argue that they have a "substantial need" for the Statement based on two arguments they wish to present regarding the Relator's right to bring the suit. First, Defendants contend that they have a "substantial need" for the Statement in order to bring a 31 U.S.C. § 3730(e)(4) "original source" jurisdictional challenge. Section 3730(e)(4) states that "no court shall have jurisdiction over an action . . . based upon the public disclosure of allegations" unless "the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4). Relator argues that Defendants are on a fishing expedition, and that to even "reach the original source issue, there must first be a 'public disclosure'" that the Defendants must show Relator's allegations were "derived from." (Mem. at 14 (citing *United States ex rel. Siller v. Beckton Dickinson & Co.*, 21 F.3d 1339, 1347-48 (4th Cir. 1994)).)

At this stage, the ultimate merits of Defendants' "original source" argument are not before the Court. The issue here is whether Defendants have made sufficient showing to overcome the ordinary work product protection by demonstrating a

8

*substantial need* for the Statement based on a potential "original source" argument or, in other words, whether the Magistrate Judge's Order was clearly erroneous. On February 17, Defendants' had the opportunity to question Relator regarding the source of his knowledge at his deposition. Relator testified extensively about the basis of his knowledge and identified a number of individuals including, Neil Higgins, Dina Rasor, Bob Bauman, Ken May, and Harold Orr, who could corroborate or refute Relator's original knowledge of the relevant allegations regarding time sheet fraud. Given the testimony regarding who he worked with and who he told about the "time sheet" allegations, and the lack of any "public disclosure" cited to by Defendants that might "give rise" to these allegations, this Court finds that Defendants have not sufficiently demonstrated both a "substantial need" for the Statement for purposes of advancing an "original source" argument or an "inability" to obtain "substantially equivalent" information. The Magistrate Judge's reliance on this argument, made without the benefit of the deposition testimony, was clear error.

Defendants argument thus rests on their final contention that they have a "substantial need" for the disclosure statement because they wish to argue that Relator's alleged failure to satisfy the FCA's § 3730(b)(2) reporting

requirements would be jurisdictional in nature.  Section 3730(b)(2) provides that "a copy of the complaint and written disclosure of substantially all material evidence and information the person possesses" must be submitted to the Government.  31 U.S.C. § 3730(b)(2).  As the Magistrate Judge found, there is no settled law on the jurisdictional nature of § 3730(b)(2).  Feb. 5, 2010 Hr'g Tr. at 20-21; See *U.S. ex rel. Ubl v. IIF Data Solutions*, 2009 WL 1254704 (E.D.Va., 2009)(O'Grady, J.)(holding that a procedural mistake by the Relator does not result in the loss of jurisdiction); *Anderson v. ITT Industries Corp.*, 2006 WL 4117030 at \*2 (E.D.Va., 2006)(Lee, J.) (finding "that the filing and service requirements for *qui tam* claims under the False Claims Act § 3730(b)(2) are jurisdictional in nature and that Plaintiff's failure to meet those requirements warrants dismissal of Plaintiff's *qui tam* claim").  On this Motion for Reconsideration the ultimate success of a §3730(b)(2) challenge is not before the Court, but rather whether Defendants have made a sufficient showing that they have a "substantial need" for the Statement.  The opportunity to make an uncertain legal argument regarding potential procedural short comings of the Statement is not sufficient.  The disclosure statement is filed *in camera* and intended for the eyes of the Government in order for the Government to make a well informed decision on intervention.

The statute allows the complaint to be served on the defendants; however, Congress chose not require that the disclosure statement be turned over by default. 37 U.S.C. § 3730(b)(2). If the Defendants desire to make such an argument was sufficient to establish "substantial need" for a FCA disclosure statement, such a statement would never be protected from production by the work product doctrine.

Here, the Magistrate Judge found that Defendants had made a sufficient showing to pierce the ordinary work product protection only by compounding their purported "substantial need" for the Statement for purposes of impeachment/credibility, "original source," and § 3730(b)(2) arguments. As evidenced by the deposition testimony unavailable to the Magistrate Judge when he issued his Order, Defendants cannot make a sufficient showing that they possess both "a substantial need" for the disclosure statement and "an inability to secure the substantial equivalent of the materials by alternate means." See *Chadhry*, 174 F.3d at 403. Thus this Court finds that the February 5, 2010 Order is clearly erroneous and must be reversed.

## IV.  Conclusion

For the reasons stated above this Court will grant Relator's Motion to Reconsider.  An appropriate Order will issue.

 

|  | /s/ |
|---|---|
| March 3, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |